IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| MORRIS T. SLAUGHTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 1:17-cv-00579-SCJ |
| CITY OF DOUGLASVILLE, | ) | |
| GEORGIA, CHRIS WOMACK, in his | ) | |
| individual capacity, RUSSELL | ) | |
| STACY FULLER, in his individual | ) | |
| capacity, and JOSHUA WOLF, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF CITY OF DOUGLASVILLE, GEORGIA

Comes now City of Douglasville, Georgia ("Douglasville"), named as a defendant in the above-captioned civil action, and hereby answers plaintiff's complaint and demand for jury trial as follows:

## FIRST DEFENSE

For a first defense, this defendant shows that the complaint fails to state a claim against it upon which relief can be granted.

## SECOND DEFENSE

For a second defense, this defendant responds to the numbered paragraphs of plaintiff's complaint as follows:

1.

In response to the allegations of paragraph 1, this defendant admits only that plaintiff is pursuing claims against all defendants which purportedly arise under the laws and Constitution of the State of Georgia and under the laws and Constitution of the United States and that this Court has general subject matter and supplemental jurisdiction to hear and decide such claims.  In further response, this defendant expressly denies that plaintiff has stated any viable claims against it, whether under the Constitution and laws of the United States, the Constitution and laws of the State of Georgia or otherwise.

2.

On information and belief, the allegations of paragraph 2 are admitted.

3.

In response to the allegations of paragraph 3, this defendant admits only that it received a copy of Exhibit A attached to the present complaint on or shortly after July 20, 2015.   Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

4.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4 and, therefore, this defendant can neither admit nor deny the same.

5.

In response to the allegations of paragraph 5, this defendant admits only that it is subject to the jurisdiction of this Court.  In further response, this defendant shows that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 5 as they relate to any defendants other than this defendant and, therefore, this defendant can neither admit nor deny the same.

6.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6 and, therefore, this defendant can neither admit nor deny the same.

7.

In response to the allegations of paragraph 7, this defendant admits only that it is a municipal corporation, organized and existing under the laws and Constitution of the State of Georgia, with all duties and powers inherent in its capacity as such. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

8.

In response to the allegations of paragraph 8, this defendant admits only that at the time of the incident described in plaintiff's complaint, Chris Womack

("Womack") was employed by Douglasville, serving in the capacity of Chief of Police, and that in connection with his interactions with plaintiff, Womack was acting within his discretionary authority as a law enforcement officer, duly certified as such under the laws of the State of Georgia.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

9.

In response to the allegations of paragraph 9, this defendant admits only that at the time of the incident described in plaintiff's complaint, Russell Fuller ("Fuller") was employed by Douglasville, serving as a law enforcement officer, duly certified as such under the laws of the State of Georgia, and that in connection with his interactions with plaintiff, Fuller was acting within his discretionary authority as a law enforcement officer.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

10.

On information and belief, the allegations of paragraph 10 are admitted.

11.

In response to the allegations of paragraph 11, this defendant admits only that at the time of the incident described in plaintiff's complaint, Womack and Fuller were employed by Douglasville and were acting within their discretionary authority as duly certified law enforcement officers.  In further response, this

shows that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph as it relates to anyone other than Womack and Fuller and, therefore, this defendant can neither admit nor deny the same.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

12.

On information and belief, the allegations of paragraph 12 are admitted.

13.

In response to the allegations of paragraph 13, this defendant admits only that the vehicle pursuit began at or in the vicinity of Arbor Place Mall in Douglasville, Georgia and continued eastbound on Interstate 20. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

14.

In response to the allegations of paragraph 14, based solely on this defendant's review of Womack's written narrative included in the incident report, this defendant admits only that Womack has admitted that the speeds of the vehicles exceeded 140 mph at times during the pursuit as it continued from Douglas County into Fulton County.  In further response, this defendant shows that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14 as it relates to anyone other than Womack

and Fuller and, therefore, this defendant can neither admit nor deny the same. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

15.

In response to the allegations of paragraph 15, this defendant admits only that the subject of the pursuit, plaintiff Morris T. Slaughter, was charged with misdemeanor possession of marijuana following conclusion of the pursuit. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

16.

In response to the allegations of paragraph 16, based solely on this defendant's review of the written narratives of Womack and Fuller written included in the incident report, this defendant admits only that prior to and/or near the beginning of the pursuit, dispatch reported that a suspect was wanted for assaulting a police officer at Arbor Place Mall and was driving a silver Hyundai. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

17.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17 and, therefore, this defendant can neither admit nor deny the same.

18.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 18 and, therefore, this defendant can neither admit nor deny the same.

19.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19 and, therefore, this defendant can neither admit nor deny the same.

20.

The allegations of paragraph 20 are denied as stated.

21.

On information and belief, the allegations of paragraph 21 are admitted.

22.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 22 and, therefore, this defendant can neither admit nor deny the same.

23.

On information and belief, the allegations of paragraph 23 are admitted.

24.

On information and belief, the allegations of paragraph 24 are admitted.

25.

In response to the allegations of paragraph 25, this defendant initially notes that dash camera video from Fuller's vehicle captured the interactions of Womack and Fuller with plaintiff and will speak for itself in this regard.   In further response, this defendant admits only that, immediately after the pursuit's conclusion, as Womack approached plaintiff's vehicle, Womack had his service-issued handgun drawn. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

26.

In response to the allegations of paragraph 26, this defendant incorporates by reference its response to paragraph 25 above. In further response, this defendant admits only that upon Womack's arrival at plaintiff's vehicle after the pursuit's conclusion, Womack took hold of plaintiff with one hand and pulled him out of the vehicle while holding his service weapon in the other hand. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

27.

In response to the allegations of paragraph 27, this defendant incorporates by reference its response to paragraph 25 above.  In further response, this defendant admits only that plaintiff appeared to be unarmed at the time he was removed from his vehicle.  Except as expressly admitted herein, the allegations of this paragraph

are denied as stated.

28.

In response to the allegations of paragraph 28, this defendant incorporates by reference its response to paragraph 25 above. In further response, this defendant admits only that plaintiff was placed on the ground after being removed from his vehicle; that plaintiff's shoulders were held down by Womack; and, that at some point while plaintiff was on the ground, Womack pointed his weapon at plaintiff. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

29.

In response to the allegations of paragraph 29, this defendant incorporates by reference its response to paragraph 25 above.  In further response, this defendant admits only that plaintiff was on the ground with Womack kneeling over plaintiff holding him in place pending the arrival of other officers.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

30.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 30 and, therefore, this defendant can neither admit nor deny the same.

31.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 31 and, therefore, this defendant can neither admit nor deny the same.

32.

In response to the allegations of paragraph 32, this defendant incorporates by reference its response to paragraph 25 above.  In further response, this defendant admits only that Fuller used his ASP baton to strike plaintiff's lower extremity in an attempt to subdue him and to assist other officers in placing him in handcuffs. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

33.

In response to the allegations of paragraph 33, this defendant incorporates by reference its response to paragraph 25 above.  In further response, this defendant admits only that Fuller used his ASP baton to strike plaintiff's lower extremity in an attempt to subdue him and to assist other officers in placing him in handcuffs. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

34.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 34 regarding plaintiff's height and weight and, therefore, this defendant can neither admit nor deny the same.  The remaining allegations of this paragraph are denied as stated.

35.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 35 and, therefore, this defendant can neither admit nor deny the same.

36.

On information and belief, the allegations of paragraph 36 are admitted.

37.

In response to the allegations of paragraph 37, this defendant incorporates by reference its response to paragraph 25 above. In further response, this defendant admits only that when Haney arrived, plaintiff was already restrained and handcuffed.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

38.

The allegations of paragraph 38 are denied to the extent it is alleged that Womack or Fuller assaulted plaintiff.  In further response, this defendant admits

only that a portion of the incident described in the complaint appears to have been observed by Jeff Puckett of the Georgia State Patrol on the Department of Transportation's live feed.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

39.

The allegations of paragraph 39 are denied to the extent it is alleged that Womack or Fuller assaulted plaintiff.  In further response, this defendant shows that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 39 and, therefore, this defendant can neither admit nor deny the same.

40.

The allegations of paragraph 40 are denied to the extent it is alleged Womack or Fuller assaulted plaintiff.  In further response, this defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 40 and, therefore, this defendant can neither admit nor deny the same.

41.

In response to the allegations of paragraph 41, this defendant incorporates by reference its response to paragraph 38 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

42.

In response to the allegations of paragraph 42, this defendant admits only that Puckett appears to have made a statement to investigators which statement will speak for itself in this regard.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

43.

In response to the allegations of paragraph 43, this defendant incorporates by reference its response to paragraph 42 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

44.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 44 and, therefore, this defendant can neither admit nor deny the same.

45.

The allegations of paragraph 45 are denied.

46.

The allegations of paragraph 46 are denied.

47.

In response to the allegations of paragraph 47, this defendant shows that it is not required to respond to allegations which merely provide plaintiff's

interpretation of state or federal law. To the extent that a response is required, the allegations of this paragraph are denied as stated.

48.

The allegations of paragraph 48 are denied.

49.

The allegations of paragraph 49 are denied.

50.

The allegations of paragraph 50 are denied.

51.

The allegations of paragraph 51 are denied.

52.

In response to the allegations of paragraph 52, this defendant shows that it is not required to respond to allegations which merely provide plaintiff's interpretation of state or federal law. To the extent that a response is required, the allegations of this paragraph are denied as stated.

53.

The allegations of paragraph 53 are denied.

54.

The allegations of paragraph 54 are denied.

55.

In response to the allegations of paragraph 55, this defendant admits only that Count II of the complaint appears to be directed toward the actions of Womack and Fuller.

56.

The allegations of paragraph 56 are denied.

57.

The allegations of paragraph 57 are denied.

58.

The allegations of paragraph 58 are denied.

59.

The allegations of paragraph 59 are denied.

60.

In response to the allegations of paragraph 60, this defendant admits only that Count III of the complaint appears to be directed toward this defendant.  .

61.

In response to the allegations of paragraph 61, this defendant incorporates by reference its response to paragraph 3 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

62.

In response to the allegations of paragraph 62, this defendant admits only that on the date of the incident described in the complaint, Douglasville was the named member under a coverage agreement with the Georgia Interlocal Risk Management Agency and that said coverage agreement will speak for itself regarding its terms and conditions.   Except as expressly admitted herein, the allegations of this paragraph are denied.

63.

In response to the allegations of paragraph 63, this defendant shows that it is not required to respond to allegations which merely provide plaintiff's interpretation of the laws of the State of Georgia.  To the extent that a response is required, the allegations of this paragraph are denied as stated.

64.

The allegations of paragraph 64 are denied.

65.

In response to the allegations of paragraph 65, this defendant shows that it is without knowledge of any involvement in the present incident by anyone one named Officer Nesbit and denies that it is liable for the actions of any such individual.

66.

In response to the allegations of paragraph 66, this defendant shows that it is not required to respond to allegations which merely provide plaintiff's interpretation of the laws of the State of Georgia.  To the extent that a response is required, the allegations of this paragraph are denied as stated.

67.

The allegations of paragraph 67 are denied.

68.

The allegations of paragraph 68 are denied.

69.

The allegations of paragraph 69 are denied.

70.

The allegations of paragraph 70 are denied.

71.

In response to the allegations of paragraph 71, this defendant admits only that Count IV appears to be asserted against all defendants.

72.

The allegations of paragraph 72 are denied.

73.

In response to the allegations of paragraph 73, this defendant shows that it is not required to respond to allegations which merely provide plaintiff's interpretation of state law and further shows that the statute referenced in this paragraph will speak for itself regarding its terms and conditions.  To the extent that a response is required, the allegations of this paragraph are denied as stated.

74.

Any other allegations in the complaint which have not been expressly admitted or otherwise addressed are hereby denied.

## THIRD DEFENSE

For a third defense, this defendant shows that it breached no legal duty owed to plaintiff, under the Constitution and laws of the United States, the Constitution and laws of the State of Georgia or otherwise.

## FOURTH DEFENSE

For a fourth defense, this defendant shows that no policy statement, custom, practice, regulation, or usage of Douglasville was the moving force of any alleged violation of plaintiff's constitutional or other federal rights.

## FIFTH DEFENSE

For a fifth defense, this defendant shows that it is not vicariously liable under state law for any torts committed by Womack or Fuller while such officers

were engaged in the discharge of the duties imposed on them by law.

## SIXTH DEFENSE

For a sixth defense, this defendant asserts the defense of sovereign immunity.

## SEVENTH DEFENSE

For a seventh defense, this defendant shows that it is entirely immune from any claim for punitive or exemplary damages under state and federal law.

## EIGHTH DEFENSE

For an eighth defense, this defendant shows that all state law claims asserted against it are barred based on plaintiff's failure to comply with O.C.G.A. § 36-33-5.

## NINTH DEFENSE

For a ninth defense, this defendant shows that in connection with their interactions with plaintiff, Womack and Fuller used an objectively reasonable and lawful amount of force to effectuate a lawful arrest of plaintiff.

## TENTH DEFENSE

For a tenth defense, this defendant shows that the force utilized by Womack and Fuller to effectuate a lawful arrest of plaintiff was not only objectively reasonable under the circumstances presented, but was also involved a *de minimis* use of force which did not rise to the level necessary to support a violation of the

Fourth Amendment.

Wherefore, this defendant prays that plaintiff's complaint against it be dismissed and that judgment be entered in its favor, with all costs cast against plaintiff; that it have a trial by jury with regard to all triable issues; and that it have such other and further relief as this Court deems just and proper in the circumstances.

This 17th day of March, 2017.

/s/ Harvey S. Gray
Harvey S. Gray
Georgia Bar No. 305838
Dianna J. Lee
Georgia Bar No. 163391
*Attorneys for Defendant*
*City of Douglasville, Georgia*

GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia  30326
(404) 870-7376 (Gray)
(404) 870-5955 (Lee)
(404) 870-7374 (Fax)
hgray@grsmb.com
dlee@grsmb.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| MORRIS T. SLAUGHTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 1:17-cv-00579-SCJ |
| CITY OF DOUGLASVILLE, | ) | |
| GEORGIA, CHRIS WOMACK, in his | ) | |
| individual capacity, RUSSELL | ) | |
| STACY FULLER, in his individual | ) | |
| capacity, and JOSHUA WOLF, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing

**ANSWER OF CITY OF DOUGLASVILLE, GEORGIA** with the Clerk of the

Court using the CM/ECF system which will automatically send email notification

of such filing to the following attorneys of record:

Jeffrey R. Filipovits
Filipovits Law Firm, P.C.
2900 Chamblee-Tucker Road
Building 1
Atlanta, GA  30341
*Attorney for Plaintiff*

Mawuli M. Davis
Frank M. Gaither, Jr.
Harold W. Spence
The Davis Bozeman Law Firm, P.C.
4153-C Flat Shoals Parkway
Suite 332
Decatur, GA  30034
*Attorneys for Plaintiff*

Sara E. Brochstein
Freeman Mathis & Gary, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA  30339-5948
*Attorney for Defendant Joshua Wolf*

James R. Westbury, Jr.
Westbury & Bennett, P.C.
1012 Memorial Drive
Suite 13
Griffin, GA  30224
*Attorney for Defendant Chief Womack*

Tracy L. Glanton
Elarbee, Thompson, Sapp & Wilson LLP
800 International Tower
229 Peachtree Street, NE
Atlanta, GA  30303
*Attorney for Defendant Stacy Fuller*

This 17th day of March, 2017.

/s/ Harvey S. Gray
Harvey S. Gray
Georgia Bar No. 305838
Dianna J. Lee
Georgia Bar No. 163391
*Attorneys for Defendant*
*City of Douglasville, Georgia*

GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia  30326
(404) 870-7376 (Gray)
(404) 870-5955 (Lee)
(404) 870-7374 (Fax)
hgray@grsmb.com
dlee@grsmb.com

i:\604\328 - morris slaughter v. city of douglasville\pleadings\answer of city of douglasville.docx